UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WAYNE HOPPER, individually and on behalf of all others similarly situated,** | § § § | Docket No. __4:18-cv-4657__ |
| **Plaintiff,** | § § | |
| vs. | § § | **JURY TRIAL DEMANDED** |
| **CEMEX, INC., CEMEX S.A.B. de C.V., CEMEX MANAGEMENT, INC.** | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** | § § | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Wayne Hopper (Hopper) files this Original Collective Action Complaint against Defendants CEMEX, Inc., CEMEX S.A.B. de C.V., CEMEX Management, Inc., (collectively, "Cemex") to recover the unpaid overtime wages owed to Cemex's workers under the Fair Labor Standards Act (FLSA).

2. Cemex failed to compensate Hopper and all other similarly situated hourly employees using an overtime rate derived from a formula based on all remuneration received.

3. Instead of using all remuneration received to calculate Hopper's regular and overtime rate of pay, Cemex improperly excluded certain non-discretionary bonuses from the calculations, thereby depriving Hopper and all those similarly situated of overtime pay at an appropriate rate of pay.

### JURISDICTION & VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this District and Division.

6. Cemex maintains its United States corporate headquarters in this District and Division.

**PARTIES**

7. Hopper was employed by Cemex during the relevant statutory time period as an hourly employee. Cemex paid Hopper by the hour and, in addition to his hourly rate, Hopper received bonuses from Cemex.

8. Although he regularly worked in excess of 40 hours a week, Cemex did not pay Hopper overtime based on a regular rate including all remuneration received, as required under the FLSA.

9. His written consent is attached as Exhibit A.

10. Hopper brings this action on behalf of himself and all other similarly situated hourly employees under §16(b) of the FLSA 29 U.S.C. §216(b) subjected to the same unlawful policy and FLSA violations as Hopper and is properly defined as:

> **All hourly employees of Cemex employed during the past three (3) years who received hourly pay and a non-discretionary bonus. ("Putative Class Members")**

The members of the Putative Class are easily ascertainable from Cemex's business records, particularly personnel records.

11. CEMEX, Inc., is a Louisiana corporation which may be served with process through its registered agent, Corporate Creations Network, Inc., at 2425 W Loop South #200, Houston, Texas 77027.

12. CEMEX S.A.B. de C.V., is a Mexican corporation with its United States headquarters in Houston, Texas, and doing business throughout the United States.  It may be served through its President, Ignacio Madridejos at 10100 Katy Freeway, Suite 300, Houston, Texas 77046.

13. CEMEX Management, Inc., is a Delaware corporation which may be served through its registered agent, Corporate Creations Network, Inc., at 2425 W Loop South #200, Houston, Texas 77027.

## FACTUAL ALLEGATIONS

14. Cemex is a multibillion dollar company who specializes in buildings material. It manufactures and distributes cement and ready-mix concrete.

15. To provide services to the buildings materials industry, Cemex employs individuals on an hourly basis.

16. Hopper was an hourly employee of Cemex.

17. Hopper was hired in June of 2014 as an inside sales professional.

18. In September 2017, Hopper became a Digital Advisor.

19. Hopper left Cemex's employment in November of 2018.

20. During his employment, Hopper customarily worked over 40 hours a week.

21. Each quarter, Hopper would receive a non-discretionary bonus.

22. These bonuses were not included in Hopper's regular or overtime rate of pay.

23. Hopper and the Putative Class Members worked for Cemex as hourly employees. Hopper and the Putative Class Members regularly worked in excess of 40 hours a week.

24. Regardless of their job position, Hopper and the Putative Class Members were eligible to receive, and did in fact receive, non-discretionary bonuses. These non-discretionary bonuses consisted of but were not limited to Performance, Revenue, and Team Performance Bonuses.

25. Under the FLSA, Cemex was required to include these non-discretionary bonuses in calculating the Putative Class Members regular rate of pay for overtime purposes. 29 U.S.C. § 207(e); 29 C.F.R. §778.209. However, Cemex improperly excluded these non-discretionary bonuses from the regular rate of pay, and as a result Hopper and the Putative Class Members were not paid overtime at the proper overtime rate required by federal law.

**FLSA COVERAGE**

26. At all relevant times, Cemex has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

27. At all relevant times, Cemex has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. At all relevant times, Cemex has been part of an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment – that have been moved in or produced for commerce.

29. At all relevant times, Cemex has had and has an annual gross volume of sales made in excess of $10,000,000.00.

30. At all relevant times, Hopper and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**COLLECTIVE ACTION ALLEGATIONS**

31. Hopper and the Putative Class Members are similarly situated in all relevant respects. While their precise job duties might vary, these differences do not matter for the purposes of determining their entitlement to overtime. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA.

32. Because Cemex excluded non-discretionary bonuses from the regular rate of pay for all hourly employees, Hopper and all the Putative Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

33. Cemex employed a substantial number of hourly employees like Hopper during the past three years and paid them non-discretionary bonuses. These workers are geographically disbursed, residing and working in states across the Country. Because these workers constantly travel, do not have fixed work locations, these individuals may work in different states across the Country in the course of a given year.

34. Absent a collective action, many members of the Putative Class likely will not obtain redress of their injuries and Cemex will retain the proceeds of its violations of the FLSA.

35. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
### Violation of the FLSA

36. At all relevant times, Cemex has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

37. Cemex employed Hopper and each member of the Putative Class.

38. Cemex's pay policy denied Hopper and the Putative Class Members overtime compensation at a rate based on all remuneration received as required by the FLSA.

39. Cemex's failure to pay Hopper and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

40. The foregoing conduct constitutes a willful violation of the FLSA. Due to Cemex's FLSA violations, Hopper and the Putative Class Members are entitled to recover from Cemex their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## JURY DEMAND

41. Hopper demands a trial by jury.

## PRAYER

WHEREFORE, Hopper prays for:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Cemex awarding Hopper and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
Texas State Bar No. 24014780
Federal ID No. 27157
Richard M. Schreiber
Texas State Bar No. 24056278
Federal ID No. 705430
Andrew W. Dunlap
Texas State Bar No. 24078444
Federal ID No. 1093163
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com
adunlap@mybackwages.com

**AND**

                                                Richard J. (Rex) Burch
                                                Texas State Bar No. 24001807
                                                **BRUCKNER BURCH, P.L.L.C.**
                                                8 Greenway Plaza, Suite 1500
                                                Houston, Texas 77046
                                                713-877-8788 – Telephone
                                                713-877-8065 – Facsimile
                                                rburch@brucknerburch.com

                                              **ATTORNEYS IN CHARGE FOR PLAINTIFF**